IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DENNY LEE NEWMAN, JR.,

    Plaintiff,
v.                                CASE NO. 5:16-cv-251-WTH-GRJ

DR. MOSES IZUEGBU, et al.

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court for screening of Plaintiff's Amended Complaint, ECF No. 14. Plaintiff has been granted leave to proceed as a pauper. ECF No. 4. Pursuant to 28 U.S.C. § 1915(e)(2), governing proceedings *in forma pauperis*, the Court shall dismiss a complaint if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." For the following reasons, it is respectfully recommended that the Complaint be dismissed for failure to state a claim upon which relief may be granted.

The Complaint stems from the medical care that Plaintiff received while he was confined at Calhoun CI. Plaintiff was released from DOC custody after the Complaint was filed. The named Defendants are Dr.

Izuegbu, Nurse Martinez, and Warden Payne.

In any section 1983 action, two essential elements must be present:

1. conduct by a person acting under color of state law; and

2. the conduct must deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). To establish the second element, deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that

risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004); *see also Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

As with Plaintiff's original Complaint, the Amended Complaint suffers from several defects. First, Plaintiff's allegations consist of a rambling narrative from which it is difficult to determine what claims he is asserting against each Defendant. Plaintiff makes multiple and repeated references to Defendants' asserted deliberate indifference and the general lack of regard for inmate healthcare at Calhoun CI. These allegations are too vague and conclusional to state a cause of action under section 1983. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See Fullman v. Graddick, 739 F.2d 553, 556-7 (11th Cir. 1984); Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). The Court afforded Plaintiff an opportunity to file an Amended Complaint to

clearly state a claim, but he has failed to do so.

As best the Court can decipher Plaintiff's claims, it appears that Plaintiff has a heart condition for which he has received stents and bypasses. Plaintiff contends that he experienced an ongoing problem receiving heart and diabetes medication while confined at Calhoun. Plaintiff claims that on February 15, 2016, he experienced "stroke like symptoms and some chest pain," as well as other symptoms. Plaintiff was taken to the medical department where he was seen by Defendant Nurse Martinez. Martinez did not conduct diagnostic tests or administer medication that Plaintiff believed he needed according to "protocol", such as "clot buster" medication. Martinez said he would call Defendant Dr. Izuegbu. After a lengthy delay, Martinez returned and told Plaintiff he had called the doctor and that Plaintiff would be returned to his dorm. Plaintiff contends that Martinez decided he did not need emergency treatment, but Martinez should have sent him to a hospital with qualified personnel. Plaintiff contends that he was not called back to medical when Izuegbu returned, but rather was left to recover on his own. Plaintiff believes that he suffered a stroke. Plaintiff asserts that both Martinez and Izuegbu were

deliberately indifferent to his needs. He alleges that Warden Payne failed to stop widespread abusive practices and deprivations at Calhoun and conspired with Izuegbu to deprive inmates of rights. ECF No. 14.

Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere

disagreement over the proper treatment does not create a constitutional claim.").

In this case, Plaintiff's factual allegations—stripped of conclusional claims unrelated to the specific event—reflect that Plaintiff was brought to the medical department after complaining of symptoms, and Nurse Martinez, whom Plaintiff acknowledges was very familiar with Plaintiff's medical conditions, determined that Plaintiff did *not* require treatment or specialized outside care. Martinez consulted with Dr. Izuegbu, and it was determined that Plaintiff could return to his dorm. Plaintiff's assertion that he required specialized hospital care reflects a mere disagreement with the medical staff's professional judgment. Plaintiff's assertions regarding Warden Payne are entirely vague and conclusional, and do not establish that the Warden had any involvement with Plaintiff's medical care on the date in question. There are no facts alleged showing how the Defendants may have been involved in any difficulty Plaintiff allegedly had in obtaining medication prior to this incident.

Because Plaintiff was a prisoner when this case was filed, Plaintiff must establish that he suffered a physical injury. The PLRA provides that

a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); *Smith v. Allen* 502 F.3d 1255, 1271 (11th Cir. 2007) (citing *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.2002)). Plaintiff has failed to allege facts establishing that Defendants' actions on the date in question caused Plaintiff an injury. Plaintiff's factual allegations do not suggest that he suffered any physical injury beyond the infirmities he already experienced due to his heart and other medical conditions. Therefore, Plaintiff is barred by the PLRA from seeking compensatory and punitive damages. *See id.* To the extent that Plaintiff sought injunctive relief when the case was filed, any claim for injunctive relief is now moot since he has been released from custody.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).

**IN CHAMBERS** this 8th day of March 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**